Filed 7/18/14  P. v. Klutsenbaker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE, | C075519 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-2150) |
| v. | |
| MICHAEL RAY KLUTSENBAKER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Ray Klutsenbaker has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1]  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On May 3, 2013, a California Highway Patrol officer initiated a traffic stop after observing defendant driving a vehicle with an expired registration tag.[2] When the officer contacted defendant, defendant indicated his driving privileges had been suspended. The officer noticed defendant seemed particularly jittery and nervous and directed him to get out of the vehicle and perform several field sobriety tests. Defendant performed poorly on the tests and was arrested. During a search incident to his arrest, defendant was found to be in possession of 0.4 grams of methamphetamine.

An information was filed on September 26, 2013, charging defendant with transportation of methamphetamine having sustained a previous drug conviction (Health & Saf. Code, §§ 11379, subd. (a), 11370.2, subd. (c)); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)); driving under the influence (Veh. Code, § 23152, subd. (a)); and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). It was further alleged defendant had a prior strike conviction (Pen. Code, § 667, subds. (c) & (e)(1)), and had served six prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On November 8, 2013, defendant pled no contest to possession of methamphetamine and driving under the influence, and admitted the prior strike conviction and three prior prison term enhancements. In exchange for his plea, the remaining charges, as well as unrelated misdemeanor matters, were dismissed and it was agreed he would receive a seven-year prison term.

---

[2] The factual background is taken from the preliminary hearing transcripts, which formed the factual basis of the plea.

On November 22, 2013, defendant indicated to the trial court that he wished to withdraw his plea on the basis of ineffective assistance of counsel. A *Marsden*[3] hearing was held and the trial court denied defendant's motion.

After denying defendant's motion, the trial court sentenced defendant, in accordance with the plea agreement, to two years for possession of methamphetamine, doubled for the strike conviction, plus one year each for the three prior prison terms for an aggregate term of seven years in state prison. A six-month concurrent sentence was imposed for driving under the influence. The trial court also ordered defendant pay a $280 restitution fine, a suspended $280 parole revocation fine, a $50 laboratory fee plus assessments, a $40 court security fee, and a $30 criminal conviction assessment. Defendant was awarded 236 days of presentence custody credit.

Defendant appeals. His request for a certificate of probable cause was denied. (Pen. Code, § 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

        BLEASE        , Acting P. J.

We concur:

        ROBIE        , J.

        MAURO        , J.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.